**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARTIN** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:04CV850** |
| | § | |
| **ALLSTATE INSURANCE COMPANY,** | § | |
| **ET AL.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is Defendant Allstate Insurance Company's

Motion for Summary Judgment [24], filed May 1, 2006.  Plaintiff filed a tardy response on June

30, 2006.  After due consideration of the submissions and the relevant law, it is the Court's

opinion that the Motion should be denied.

DISCUSSION

Plaintiff Martin filed this lawsuit against Allstate Insurance Company ("Allstate")

claiming that Allstate improperly denied his claim for fire damage to his Moss Point, Mississippi

residence.  Allstate determined that the damage was excluded from coverage under a

homeowner's insurance policy provision which states:

> In reliance on the information you have given us, Allstate agrees to provide the
> coverages indicated on the Policy Declarations.  In return, you must pay the
> premium when due and comply with the policy terms and conditions and inform
> us of any change in title, use or occupancy of the residence premises.

(Exh. 2 to Defendant's Motion).  Martin alleges that he purchased the policy in September 2003,

and the fire occurred in March 2004.

In support of its assertion that Martin violated the above-quoted provision, Allstate

attached Martin's transcribed telephone statement to its Motion as Exhibit 4.  In response to the

Allstate representative's questions, Martin indicates that he spent very little time at the Moss Point residence, and in fact had moved his refrigerator and stove out of the residence to a small house in Vancleave sometime in February or March 2003.  At the time of the fire, Martin had discontinued gas and water service to the residence.

Allstate contends that Martin's failure to inform it of his change in residence, and in particular, that the Moss Point residence was unoccupied, violated the portion of the insurance policy quoted above.  Allstate denied coverage on that basis.

Martin contends that he did live at the Moss Point residence at the time of the fire.  He cites to his deposition testimony, but fails to provide that testimony to the Court.  Thus, this "evidence" is only an unsupported allegation which can be accorded no weight in the Court's analysis.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

Martin also objects to the introduction of the transcribed telephone statement offered by Allstate in support of its Motion because the statement has not been authenticated.  It is well settled that, when objected to, unauthenticated documents cannot be considered on a motion for summary judgment.  *See, e.g., King v. Dogan*, 31 F.3d 344, 346 (5ᵗʰ Cir. 1994) (citing *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5ᵗʰ Cir. 1991); *U.S. v. Monkey*, 725 F.2d 1007, 1011, n.4 (5ᵗʰ Cir. 1984) (Objections to authenticity are waived by a failure to raise them).  In order to be considered by the Court, "documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." 10A C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2722. (2d ed. 1983) (footnotes omitted).  Because this statement is not authenticated by or attached to an affidavit, it is not competent summary

judgment evidence.

The Court finds that neither side has provided competent summary judgment evidence of the central question in this case: Whether Martin violated the policy provision requiring him to notify Allstate of changes in his occupancy of the Moss Point residence.  Because  Allstate has failed to meet its initial burden of showing that there is no question of material fact for the jury, its Motion for Summary Judgment will be denied in all respects.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Allstate Insurance Company's Motion for Summary Judgment [24] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of July, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE